W. J. GAWNE CO. v. ELLEN FRY, ADMX., ET AL.

1. QUESTION OF NEGLIGENCE IN PERMITTING GAS TO ACCUMULATE IS FOR JURY, WHERE EVIDENCE SHOWS USE OF DEFECTIVE APPLIANCES.

In an action on account of the wrongful death of an employe, caused by an explosion of gas in the tunnel where the men were at work, there should be submitted to the jury the question of negligence on the part of the company in permitting the gas to accumulate, where testimony has been introduced tending to prove that the means employed for the expulsion of the gas were insufficient and defective, and that the defendant company knew, and the decedent did not know, of these defects.

2. QUESTION OF SCOPE OF CERTAIN EMPLOYMENT IS FOR JURY.

Whether it was an implied duty of the foreman under the circumstances to attempt to repair a light connected with a wire charged with electricity, and was therefore acting within the scope of his employment when he produced a spark which caused the explosion, was also a question which should have been submitted to the jury.

Gawne Co. v. Fry.

3. CHARGE THAT EMPLOYER IS NOT AN INSURER OF EMPLOYE'S SAFETY, AND THAT HE IS NOT LIABLE FOR INJURY CAUSED BY FELLOW SERVANT, NOT ERRONEOUS.

There being testimony tending to prove that the engineer, who was a fellow servant of the decedent, failed to operate the air compressor on the day of the accident, it was error to refuse to charge the jury that an employer of men is not an insurer of the safety of such men, and if he furnishes reasonably safe machinery and competent men to operate the same, and an accident happens to an employe by reason of the failure of fellow servants to operate such machinery, then the employer is not responsible for the injury.

4. REFUSAL TO CHARGE DOCTRINE OF ASSUMED RISK IS ERRONEOUS.

It was also error to refuse to instruct the jury in a special or in the general charge that the plaintiff assumed the risk of such injuries from accident as are incident to the nature of the work in which he was engaged, and against which the defendant could not by the exercise of ordinary care have protected him.

5. FAILURE TO DESIGNATE IN CHARGE PARTICULAR RESPECTS IN WHICH DEFENDANTS ARE NEGLIGENT IS ERROR, WHEN.

Failure to point out in other parts of the charge the particular respects in which the defendants were alleged to be negligent, renders erroneous, under *Balt. & O. Ry.* v. *Lockwood*, 72 Ohio St. 586, the instruction that, "Before the plaintiff can recover, she must prove by a preponderance of the evidence that the city or the Gawne Company, or both, were negligent in at least some of the respects alleged in her petition, and that her husband was killed as a direct result of this negligence."

6. CERTAIN CHARGE ERRONEOUS FOR LACK OF INSTRUCTION THAT EACH AND EVERY FACT IN AVERMENT WAS ESSENTIAL TO CONSTITUTE NEGLIGENCE.

It was error in such a case to state to the jury that the petition contained the allegation that the ways and means for putting air into the tunnel and getting the gas out were insufficient, and known to be so by the defendants, but unknown to the deceased, without adding the instruction that each and every fact contained in this averment was essential to constitute negligence.

[Syllabus by the court.]

ERROR to Hamilton common pleas court.

**Cohen & Mack,** for plaintiff in error.

**Robertson & Buchwalter** and **Dempsey, Mallon & Vordenberg,** for defendants in error.

**GIFFEN, J.**

The plaintiff below averred in her second amended petition that the defendants at the time of the accident complained of were constructing a conduit or tunnel to supply water to the western pumping station in Cincinnati, Ohio; that all of said defendants had full knowledge of the inherently dangerous character of the work by reason of the presence of an explosive gas, of which the plaintiff's decedent had no knowledge. That all the ways and means adopted for the admission of air and expulsion of the dangerous explosive gas were insufficient

and defective and known to be so by the defendants, but wholly un-known and not communicated to the plaintiff's decedent. That on the fifth day of July, 1901, the decedent, who was in the employ of the defendants, was ordered to work in the end of said tunnel near Torrence road and Eastern avenue, under a foreman named McLaughlin. That while decedent was so employed, the foreman having charge of said work negligently and carelessly undertook to repair a light on a wire charged with electricity, and in so doing caused some metallic substance to come in contact with the wire used for lighting said tunnel, generating a spark of fire, when, without warning or notice, the explosion occurred which caused the death of the decedent.

The W. J. Gawne Company, the only defendant against whom the jury returned a verdict, admitted in its answer that it was engaged in the work of constructing a tunnel under a contract with the commissioners of the waterworks. That, on the day mentioned, James O'Brien was employed by it, and that an explosion occurred resulting in his death; and denied each and every other allegation contained in the second amended petition; and as a second defense, alleged that his death was caused by reason of the negligence and carelessness either of said James O'Brien himself or of some other person under circumstances for which and for whose acts the defendant was in no way responsible.

The first alleged error to be considered is the overruling of the motion at the conclusion of plaintiff's testimony, and also at the conclusion of all the testimony to arrest the case from the jury and render judgment for the defendant.

Counsel for plaintiff in error claim that it was incumbent upon the plaintiff to establish the following three propositions as the essential allegations of the petition: First, that the accident was caused by the negligent accumulation of gas; second, that the Gawne Company knew of this state of facts, or could have known it by the exercise of ordinary care; third, that deceased did not know, or could not by the exercise of ordinary care have known of this state of facts.

Counsel has overstated the first proposition, because if gas was permitted to accumulate through negligence, and caused the accident, that of itself would give a cause of action; but as we understand the allegations of the petition, the actionable negligence in this particular consisted in the Gawne Company's knowing of the existence of the explosive gas and the decedents not knowing it.

The negligence charged in the second amended petition may be classed as follows: First, the presence in the tunnel of an explosive gas with the knowledge of the Gawne Company, and without the knowl-

Gawne Co. v. Fry.

edge of the decedent; second, the defective means employed for the expulsion of the gas which were known by the Gawne Company to be defective, and unknown to be such by the decedent; third, the negligent act of the foreman in attempting to repair the electric light.

Although there is nothing in the testimony to show that the defendant Gawne Company or the decedent knew of the presence of the explosive gas just prior to the accident, yet it does appear that each of them knew that the existence of such gas might reasonably be anticipated during the progress of the work.

There is testimony tending to prove that the means employed for the expulsion of the gas were insufficient and defective; that the defendant company knew of such defects while the decedent did not. It was incumbent, therefore, upon the court to submit this issue of negligence to the jury.

Upon the other ground of negligence, the evidence is undisputed that McLaughlin was the foreman in charge of the work, having authority and control over the decedent. It is disputed however that he was acting within the scope of his employment when he undertook to repair the electric light. There is testimony, however, tending to prove that the act done was within the scope of his employment, and it, therefore, became a question to be submitted to the jury under proper instructions from the court, and even though the jury found that McLaughlin was not acting within the scope of his employment, and that his act precipitated the explosion, the defendant company would nevertheless be liable under the second ground of negligence above stated, if the jury so found, for the reason that the two acts of negligence, that of the company and of the foreman, were concurrent in causing the accident.

Counsel further claim that the proof shows that the accident in question was not caused by any culpable neglect for which this defendant is answerable, inasmuch as the gas became explosive only when the marsh gas was mingled with air in the proportion of 5 to 13 per cent of marsh gas and 95 to 87 per cent of air, there must be a time during the process of expelling the gas when it would become explosive, and that, therefore, the defendant could not provide against the accident. It is sufficient to say in answer to this argument that the period when the gas is explosive would be reduced thereby to a minimum and the chances of an accident would be but slight.

It is further contended that the evidence is undisputed that the act of the foreman was not within the scope of his employment and unauthorized by the master, because the company had employed one

Delaney, an electrician, to attend to the electric lights and make the necessary repairs, and assigned no such duty to the foreman. It does not appear in the testimony that the foreman was informed of the duties of the electrician. If, therefore, it may be fairly implied from the work assigned to the foreman, that it was his duty to repair the electric light in case of an emergency, then it would be immaterial what positive instructions or authority the company had given to the electrician. The foreman was placed in charge of the decedent, with three other workmen, and directed to remove the earth from the tunnel, and during the progress of the work, the foreman accidentally broke one of the glass bulbs, and while undertaking to replace it with a new one, used a metal rule to extract the glass, thereby causing the spark which resulted in the explosion. The foreman at the time was undertaking that which was necessary for the prosecution of the work assigned to him, and unless it was necessarily dangerous and known by him to be such, or unless he knew that the electrician alone was authorized to make such repairs, or unless he was positively ordered not to make such repairs himself, he was justified in assuming that such work was one of the implied imposed upon him. The court properly overruled the motion to arrest the case from the jury.

The next alleged error is the refusal of the court to give certain special instructions requested by the defendant, the W. J. Gawne Company. The record discloses that:

"After the argument the W. J. Gawne Company, by its attorney, requested the court to give each of the instructions hereinafter set forth and lettered from 'A' to 'K' respectively, as part of the general charge."

If this request is to be construed literally as requiring the court to give each of the instructions unconditionally as a part of the general charge, the court correctly refused the same, for the reason that there is no rule of law requiring a court to adopt the language of counsel as a part of its general charge, but we apprehend that this point will not be insisted upon, not having been referred to in argument

Special charge marked "G," is as follows:

"The jury are instructed that an employer of men is not as insurer of the safety of such men, and that if said employer furnishes reasonably safe machinery and competent men to operate the same, and an accident happens to an employe by reason of the failure of fellow servants to operate such machinery, then the employer is not responsible for such injury."

There is testimony tending to prove that on the day of the accident, the engineer failed to operate the air compressor. If by reason of such failure the accident occurred, the company would not be liable for the reason that the engineer having no authority or control over the decedent, was his fellow servant. The equivalent of this instruction was nowhere given in the general charge, and the refusal to give it as requested, was prejudicial error.

Special instruction "H," is as follows:

"The jury was instructed that plaintiff assumed the risk of such injuries from accident as are incident to the nature and character of the work he was engaged in at the time in question and against which defendant, the W. J. Gawne Company, could not, by the exercise of ordinary care, have protected him."

We are of the opinion that this instruction correctly states the law and unless it was substantially given in the general charge, its refusal by the court was erroneous.

The only part of the general charge which touches upon the question of the assumption of risk, is as follows:

"You must determine whether or not O'Brien knew that there was a dangerous state of affairs there when he went into the tunnel on July 5. If he did, he assumed the risk of that state of affairs; but he did not assume the risk of his boss negligently causing an explosion, if you find this to be the case."

This charge is limited to the state of affairs existing when he went into the tunnel, and can have no application to what might occur or exist after he went into the tunnel. It might also be construed to mean a state of affairs existing within the tunnel alone, and have no reference to the compressor and other appliances provided for the purpose of removing such dangerous state of affairs. We think this special charge should have been given.

The last clause of that part of the general charge above quoted is objectionable in stating that he did not assume the risk of his boss negligently causing the explosion, whether or not he was at the time acting within the scope of his employment.

In another part of the charge, however, the court submitted to the jury the question whether the act done was within the scope of his employment. We think that by considering the two clauses together, the jury would fairly infer the meaning to be, that the decedent did not assume the risk of his boss negligently causing the explosion while acting within the scope of his employment.

The general charge contains this clause:

"Before the plaintiff can recover she must prove by a preponderance of the evidence that the city or the Gawne Company, or both, were negligent in at least some of the respects alleged in her petition, and that her husband was killed as the direct result of this negligence."

This charge comes within the rule announced in the case of the *Balt. & O. Ry.* v. *Lockwood*, 72 Ohio St. 586, unless in other parts of the charge the court pointed out the particular respects in which the defendants were alleged in her petition to be negligent.

In the second paragraph of the general charge, the court refers to the allegations of the petition setting forth the several acts of negligence, but fails to state what particular allegations constitute a separate and distinct act of negligence. The court charged them substantially that the petition alleges that the city and trustees knew, or ought to have known, that pockets of gas were found in the tunnel, which they knew, or ought to have known, was explosive when mixed with air. But this of itself did not constitute negligence unless the decedent did not know of the existence of the gas, that it was explosive, and had not equal means with the master of knowing it.

The court further stated, in substance, that the petition contained the allegation that the ways and means for putting air into the tunnel and getting the gas out, were insufficient and known to be so by the defendants, but unknown to O'Brien, the deceased. The court failed to instruct the jury that each and every fact contained in this averment was essential to constitute negligence, and the jury may well have inferred that the failure to provide sufficient ways and means for expelling the gas in itself constituted negligence independent of the knowledge of the defendants or of the decedent.

The only other act of negligence referred to by the court in the general charge is that of the foreman in undertaking to repair the electric light, so that the jury's attention was really called to only two distinct grounds of negligence, whereas in the paragraph quoted from the general charge, the jury must have inferred that more than two grounds of negligence were charged in the petition. The charge of the court on the subject of negligence was therefore erroneous and prejudicial to the rights of the plaintiff in error.

The court admitted testimony to the effect that the defendant after the accident caused a register to be placed upon the air compressor, for the purpose of showing the number of revolutions per minute. This was incompetent evidence, and could only serve to mislead the jury to believe that the absence of the register before the accident was a negligent omission on the part of the defendant.

Gawne Co. v. Fry.

The admission in evidence of the petition in the injunction suit brought by the city against the board of trustees of the waterworks was incompetent as an admission, either of the city or of the defendant, the Gawne Company, but inasmuch as the court limited it to the case against the city only, it was not prejudicial to the defendant, the Gawne Company.

For the reasons above stated, the judgment is reversed, and cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.